UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANSHU PATHAK, ) <br> ) <br>            Plaintiff, ) <br>   vs. ) <br> ) <br> YAHOO, INC.; MICROSOFT, INC.; AOL, ) <br> INC., ) <br> ) <br>            Defendants. ) <br> ) | Case No.: 2:16-cv-02124-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Ex Parte Motion for a Temporary Restraining Order ("TRO"), (ECF No. 4), filed by *pro se* Plaintiff Anshu Pathak ("Plaintiff").[1]  For the reasons set forth herein, the Motion is **DENIED**.

**I.    BACKGROUND**

This case arises out of alleged trademark infringement by Defendants Yahoo, Inc. ("Yahoo"), Microsoft, Inc. ("Microsoft"), and AOL, Inc. ("AOL") (collectively "Defendants"). Plaintiff owns the trademarks for "EXOTIC MEAT MARKET" and "EXOTIC HOT DOG OF THE MONTH CLUB" in connection with various on-line stores he operates selling exotic meats. (Compl. ¶¶ 1–6, 19–20, ECF No. 1).  Plaintiff alleges that Defendants have improperly profited from his trademarks by selling them as "keywords" or search terms that trigger the display of a sponsor's advertisement. (*Id.* ¶ 37–39).

For the purposes of the instant Motion, Plaintiff alleges that Yahoo has "threatened Plaintiff to close down his 18 retail stores on September 15, 2016." (Mot. for TRO 2:21–23, ECF No. 4).  Plaintiff further alleges that "[i]ncome from 18 websites feeds 600 animals and

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

birds at [his] farm on [a] daily basis," and the "[w]elfare of Animals and Birds is at risk based on the closure of 18 websites." (*Id.* 4:21–23). Based on these allegations, Plaintiff requests an emergency TRO prohibiting Yahoo from shutting down his websites. (*Id.* 14:15–17).

## II.   LEGAL STANDARDS

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)). "Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010).

A temporary restraining order may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of hardships tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

In considering whether a preliminary injunction is warranted, a district court also relies on the factors set forth in *Winter*. 555 U.S. at 20. However, a preliminary injunction may be issued only after "a hearing in which the defendant is given a fair opportunity to oppose the application" and sufficient time "to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 433 (1974).

## III. DISCUSSION

The Court's review of the arguments and facts alleged in the instant Motion and in the Complaint yield no basis for a determination that the claims are likely to succeed on the merits, nor has Plaintiff attempted to make such a showing.  Further, it appears that the Motion concerns matters outside the scope of the Complaint. (*See* Compl., ECF No. 1).  Plaintiff's Complaint alleges various causes of action related to Defendants' alleged "monetary gain from their unauthorized use of [Plaintiff's] mark." (Compl. ¶ 85).  Neither Plaintiff's Complaint nor the instant Motion cogently explain the connection between Defendants' alleged infringement and Yahoo's alleged intent to shutdown Plaintiff's websites.  Instead, it appears from emails submitted by Plaintiff in support of the Motion that the threatened shutdown may relate to the types of meats sold through Plaintiff's websites rather than trademark infringement. (*See* Mot. for TRO at 11, ECF No. 4) ("As per your verbal request on August 9, 2016 I removed Lion Meat and Bear Meat from our web sites [sic].").  As a result, even if Plaintiff were to succeed on his claims, he would still not be entitled to the remedy he seeks. *See Winter*, 555 U.S. at 22 ("[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Because the Court finds that further explanation from Plaintiff could address the deficiencies discussed herein, the Court will deny the Motion without prejudice, with leave to re-file for Plaintiff to clarify the grounds upon which he seeks the requested relief.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for a Temporary Restraining Order, (ECF No. 4), is **DENIED without prejudice**.

**DATED** this __13__ day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge