FILED    RECEIVED
ENTERED    SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 9 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1  Anshu Bharat Pathak
2  5615 Cameron St, Suite 7
   Las Vegas, NV 89118
3  E-Mail: anshupathak@aol.com

4  ### IN THE UNITED STATES DISTRICT COURT

5  ### DISTRICT OF NEVADA

6  ANSHU PATHAK, AN INDIVIDUAL;   )   CASE # 2:16-cv-02124-GMN-NJK
                                       )
7       PLAINTIFF        )   **FIRST AMENDED COMPLAINT FOR:**
                                       )
8          V.         )   1. Trademark Infringement 15 U.S.C.
                                       )     § 1114 (1);
9  Specialty Meats and Gourmet LLC.  )   2. "Passing Off" Under the Lanham Act -
   SMGFOODS.COM          )     15 U.S.C. § 1125 (a);
10 AND DOES 1 THROUGH 99, INCLUSIVE )   3. Trademark Dilution - 15 U.S.C.
                                       )     § 1125 (c);
11      DEFENDANTS.      )   4. Cybersquatting -15 U.S.C. § 1125 (d);
                                       )   5. Unjust Enrichment;
12                                     )   6. Demand for Accounting;
                                       )   7. Constructive Trust;
13                                     )   8. Permanent Injunction
                                       )
14                                     )     [DEMAND FOR JURY TRIAL]
                                       )
15                                     )

16 Plaintiff Anshu Bharat Pathak (referred to alternatively as "Plaintiff" hereinafter) hereby
17 complains and alleges as follows.

    1. This complaint is brought to address the willful violation of Plaintiff's trademark rights in
18
       the phrase **"EXOTIC MEAT MARKET"** Trademark Registration Number 4469007 by
19
       direct competitor.[Exhibit 1]
20
    2. On May 29, 2016 Plaintiff sent "Cease and Desist Letter" to Defendants Specialty Meats
21
       and Gourmet LLC.
22
    3. On September 27, 2016 Plaintiff gave second notice to Defendants to stop the Trademark
23
       infringement.
24
    4. Defendants knowingly and willingly continued to infringe Plaintiff's Trademark after 2nd
25
       Notice.

5.  Plaintiff owns the Trademark "**EXOTIC MEAT MARKET**" in International Class 035 for on-line retail gift shops; on-line retail store services featuring exotic meats, hotdogs, sausages, salamis; on-line wholesale store services featuring exotic meats, hotdogs, sausages, salamis; operating an on-line shopping site in the field of exotic meats, hotdogs, sausages, salamis; Retail and on-line grocery store services featuring home delivery service. [Exhibit 1]

6.  Plaintiff owns the registered Trademark "**EXOTIC HOT DOG OF THE MONTH CLUB**" in International Class 035 for computerized on-line retail store services in the field of monthly exotic hot dog's shipments to club members. Trademark Registration Number 4453666. [Exhibit 2]

7.  Plaintiff has continuously used "**EXOTIC MEAT MARKET**" and "**EXOTIC HOT DOG OF THE MONTH CLUB**" marks in commerce and acquired distinctiveness.

## THE PARTIES

8.  . Plaintiff Anshu Pathak is an individual resident of State of Nevada.

9.  Plaintiff is informed and believes, and based thereon alleges, that Specialty Meats and Gourmet LLC is a Wisconsin Limited Liability Company doing business from 1810 Webster Street #8, Hudson, WI 54016 (hereinafter the "**SMG**").

10. Plaintiff is informed and believes, and based thereon alleges, that Specialty Meats and Gourmet LLC owns the domain name Defendants **SMGFOODS.COM** which is operated from 1810 Webster Street #8, Hudson, WI 54016 (hereinafter the "**SMGCOM**").

11. Plaintiff is informed and believes, and based thereon alleges, that above named Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants, whom obtained financial benefit from the Defendant's acts and omissions, and each was acting within the course and scope of said agency and employment.

12. Plaintiff is informed and believes, and based thereon alleges, that above named Defendants and DOES 1 through 10, inclusive, did aid, abet, participate in, contribute to, or benefit from the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

13. Plaintiff further alleges that above named Defendants and DOES 1 through 20, inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive failed and/or refused to perform.

## JURISDICTION AND VENUE

14. This action arises under the Lanham Act, 15 U.S.C. § 1114 and §1125. This court has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338 (a) and (b). This court has supplemental jurisdiction over Plaintiff's State Law Claims pursuant to 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1400(a)

## CEASE AND DESIST NOTICE SENT TO DEFENDANTS

16. On May 29, 2016 Plaintiff sent "First Notice of Cease and Desist" to Defendants.

17. Defendants did not respond to Plaintiff's "Legal Notice" and continued to infringe Plaintiff's Trademark.

18. On September 27, 2016 Plaintiff sent "Second Notice of Cease and Desist" to Defendants.

19. On and after May 29, 2016 Defendants has knowingly and willingly continued to infringe Plaintiff's Trademark "EXOTIC MEAT MARKET" by bidding on Plaintiff's Trademark as "Key Word" on different search engines. [Exhibit 3]

20. On and after May 29, 2016 Defendants has knowingly and willingly allowed search engines to add Plaintiff's Trademark "EXOTIC MEAT MARKET" as "Key Word" on his bidding list.

21. On and after May 29, 2016 Defendants did not add Plaintiff's Trademark "EXOTIC MEAT MARKET" as "Negative Key Word" to his bidding list.

## FACTS RELATED TO TRADEMARK - "EXOTIC MEAT MARKET"

22. There was no other ongoing registered business in USA doing business as **"EXOTIC MEAT MARKET"** before Plaintiff started business as **"EXOTIC MEAT MARKET."**

23. Plaintiff was the first individual to start business as **"EXOTIC MEAT MARKET"** in International Class 035.

24. Plaintiff was the first individual to apply for the Trademark for the word, **"EXOTIC MEAT MARKET"** in International Class 035.

25. After applying for the Trademark for the word in International Class 035 Plaintiff notified all his known competitors in "good faith" to oppose his Trademark for the word, "**EXOTIC MEAT MARKET**" if they have any issues with Plaintiff's Trademark.

26. Plaintiff notified about his Trademark Application for the word **EXOTIC MEAT MARKET** on his on-line retail store for public knowledge.

27. **DEFENDANTS** have not done business as "**EXOTIC MEAT MARKET**" before Plaintiff acquired his Trademark "**EXOTIC MEAT MARKET.**"

28. **DEFENDANTS** are not doing business as "**EXOTIC MEAT MARKET**" in USA.

29. **DEFENDANTS** did not oppose Plaintiff's application for the Trademark "**EXOTIC MEAT MARKET**" before United States Patent and Trademark Office issued Trademark "**EXOTIC MEAT MARKET**" to Plaintiff.

## UNDISPUTED FACTS

## DIFFERENCE BETWEEN "EXOTIC MEAT MARKET" AND DEFENDANTS

30. **EXOTIC MEAT MARKET** acquires breeding stock of Exotic Animals and Birds from all over the USA for "new blood lines" to produce strong animals and birds.

31. **EXOTIC MEAT MARKET** breeds Exotic Animals and Birds for food and not for Trophy Hunting Business.

32. **EXOTIC MEAT MARKET** does not give antibiotics and hormones to their Exotic Animals and Birds.

33. **EXOTIC MEAT MARKET** selects the processors who are ethical in processing Exotic Animals and Birds.

34. **EXOTIC MEAT MARKET** does not add "Pork Fat" or "Beef Fat" to lower the quality of the products like suppliers of Defendants.

35. **EXOTIC MEAT MARKET** does not add Pork or Beef to lower the price of the product like suppliers of Defendants.

36. "**Exotic Meat Market**" adds "Camel Hump Fat" to make healthier products for their hotdogs, sausages, salamis and hamburgers for "Camlid Meats".

37. **EXOTIC MEAT MARKET** adds "Camel Hump Fat" to make healthier products for their hotdogs, sausages, salamis and hamburgers for "Exotic Meats".

38. **EXOTIC MEAT MARKET** does not add Beef or Pork to make Bison products like suppliers of Defendants.

39. **EXOTIC MEAT MARKET** uses "**ALLIGATOR FAT**" to make "**ALLIGATOR**" hamburgers, hot dogs, sausages and salamis.

40. **EXOTIC MEAT MARKET** does not add 60 to 80% of Pork to make "**ALLIGATOR**" products like suppliers of Defendants.

41. **DEFENDANTS** do not raise Exotic Animals and Birds for food like "**EXOTIC MEAT MARKET**" in USA.

42. **DEFENDANTS** do not offer "**PORK FREE**" – EXOTIC MEATS like "**EXOTIC MEAT MARKET**".

43. **DEFENDANTS** are aware of popularity of "**EXOTIC MEAT MARKET.**"

44. **DEFENDANTS** are aware of the fact that customers are looking for high quality products and services of "**EXOTIC MEAT MARKET**" on the Internet.

45. **DEFENDANTS** do not offer more than eighty six (86) different kinds of Exotic meats like "**EXOTIC MEAT MARKET.**"

46. **DEFENDANTS** willfully and intentionally bids on Plaintiff's Trademarks as "Key Word" on search engines to drive the customers to their on-line retail stores who are looking for quality products of "**EXOTIC MEAT MARKET**".

47. **DEFENDANTS** willfully and intentionally bid on Plaintiff's Trademarks as "Key Word" to dilute Plaintiff's Trademarks.

48. **DEFENDANTS** willfully and intentionally bids on Plaintiff's Trademarks as "Key Word" to create a false impression in customer's mind that Defendants are associated with **EXOTIC MEAT MARKET** and **EXOTIC HOT DOG OF THE MONTH CLUB.**

49. **DEFENDANTS** are aware of the fact that bidding on Plaintiff's Trademarks as "Key Word" on search engines will bring more customers to their on-line retail stores.

50. **DEFENDANTS** are aware of the fact that bidding on Plaintiff's Trademarks as "Key Word" on search engines will bring more sales to them.

51. **DEFENDANTS** are aware of the fact that bidding on Plaintiff's Trademarks as "Key Word" on search engines will make more profits for them.

52. **DEFENDANTS** are aware of the fact that bidding on Plaintiff's Trademarks as "Key Word" on search engines will make less sales for Plaintiff.

53. **DEFENDANTS** are aware of the fact that bidding on Plaintiff's Trademarks as "Key Word" on search engines will make less profits for Plaintiff.

54. **DEFENDANTS** are knowingly and willingly bidding on Plaintiff's Trademarks as "Key Words" on the Internet to dilute Plaintiff's Trademarks.

55. **DEFENDANTS** are knowingly and willingly bidding on Plaintiff's Trademarks as "Key Words" on the Internet to divert the customers who are looking for **EXOTIC MEAT MARKET** and **EXOTIC HOTDOG OF THE MONTH CLUB** genuine products and services.

## POPULARITY OF "EXOTIC MEAT MARKET"

56. **EXOTIC MEAT MARKET** respect and follows the beliefs of Indigenous American Indians that animals should only be "Harvested for Food" and not for "Sports" or for "Skin".

57. As custodians of Mother Nature, **EXOTIC MEAT MARKET** recognizes responsibility to the environment.

58. Every step of the way, from paddock to plate, **EXOTIC MEAT MARKET's** priority is to continuously improve welfare of animals and birds.

59. Every step of the way, from paddock to plate, **EXOTIC MEAT MARKET's** priority is to continuously improve environmental management and protect endangered species.

60. "**EXOTIC MEAT MARKET**" acquired its own identity and distinctness all over the world due to eighty six (86) varieties of exotic meats offered by them.

61. "**EXOTIC MEAT MARKET**" has been featured on major TV Channels all over the world due to eighty six (86) varieties of exotic meats offered by them.

62. "**EXOTIC MEAT MARKET**" has been featured on major Food Magazines all over the world due to eighty six (86) varieties of exotic meats offered by them.

63. "**EXOTIC MEAT MARKET**" has been featured on major News Papers all over the world due to eighty six (86) varieties of exotic meats offered by them.

64. "**EXOTIC MEAT MARKET**" is a regular supplier of "Exotic Meats" for major "Food related TV Channels in USA and outside USA.

65. It is undisputed fact that "**EXOTIC MEAT MARKET**" is one and only market, who offers more than eighty-six (86) different species of "Legal Exotic Meats" from Alligator Meat to Zebra Meat.

66. It is undisputed fact that "**EXOTIC MEAT MARKET**" is one and only market, who offers more than fifteen (15) different "Exotic Hot Dogs."

67. In 2011, Press Enterprise featured "**EXOTIC MEAT MARKET**" on front page of their News Paper in California. Video can be viewed at https://www.youtube.com/watch?v=GFESAv0knAQ.

68. An uneducated group of people without understanding of "**Endangered Species**" lost their petition filed with White House [US Govt.] to close down Plaintiff Anshu Pathak's "**EXOTIC MEAT MARKET**" on August 30, 2015. In fact, only 716 [.07%] people signed the petition which required 100,000 signatures.

69. Over 1.5 Million people from all over the world has viewed and admired Plaintiff Anshu Pathak's way of raising exotic animals and exotic birds for food. Video can be viewed at https://www.youtube.com/watch?v=xltpc8dmc0c.

70. Over 1000,000 people from all over the world visit Plaintiff Anshu Pathak's "Exotic Meat Market" every year.

71. California Sunday Magazine published article about Plaintiff Anshu Pathak and his "Exotic Meat Market" which can be read at https://stories.californiasunday.com/2015-05-03/anshu-pathak-exotic-meat-guy/

72. Laist published an article about Plaintiff Anshu Pathak and his "Exotic Meat Market", which can be read at "http://laist.com/2015/01/08/anshu_pathak_lion_meat_exotic_meat_riverside.php#photo-12"

73. Even Playboy Magazine visited Plaintiff Anshu Pathak and his "Exotic Meat Market" which can be viewed at, "https://www.youtube.com/watch?v=HYQi-kJT5Ow"

74. Plaintiff has continuously used "**EXOTIC MEAT MARKET**" and "**EXOTIC HOT DOG OF THE MONTH CLUB**" marks in commerce and acquired distinctiveness.

75. After filing the application for Trademark for the word, "Exotic Meat Market" in "Standard Characters" Plaintiff sent electronic email to all his major competitors and their Trademark counsels to oppose his Trademark Applications.

76. Plaintiff has established his good reputation all over the world as "**ETHICAL FARMER**" for his "Exotic Meat Market" and "Exotic Hot Dog of the Month Club."

**FIRST CAUSE OF ACTION**

**[INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS]**

**Trademark Infringement 15 U.S.C. § 1114 (1) (a)]**

**(Against All Defendants)**

77. Plaintiff alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

78. This cause of action arises under §32 of Lanham Act, 15 U.S.C. § 1114 for infringement of Registered Trademarks.

79. Plaintiff's registered Trademark "EXOTIC MEAT MARKET" is issued in International Class 035 for on-line retail gift shops; on-line retail store services featuring exotic meats, hotdogs, sausages, salamis; on-line wholesale store services featuring exotic meats, hotdogs, sausages, salamis; operating an on-line shopping site in the field of exotic meats, hotdogs, sausages, salamis; Retail and on-line grocery store services featuring home delivery service. [Exhibit 1]

80. Plaintiff observed and recorded that Defendants is bidding on Plaintiff's Trademark "**EXOTIC MEAT MARKET**" as "Key Word" on search engines to sell their products and services.

81. On May 29, 2016 Plaintiff sent "Cease and Desist Notice" to Defendants to stop bidding on Plaintiff's Trademark as "Key Word" on search engines to sell their products and services.

82. On September 27, 2016 Plaintiff sent "2nd Cease and Desist Notice" to Defendants to stop bidding on Plaintiff's Trademark as "Key Word" on search engines to sell their products and services.

83. On September 27, 2016 Plaintiff requested Defendants to add Plaintiff's Trademark as "Negative Key Word" so search engines do not add Plaintiff's Trademark, "**EXOTIC MEAT MARKET**" as "Related Key Word" to Defendant's bidding list.

84. On and after May 30, 2016 Defendants willfully and knowingly continued to bid on Plaintiff's Trademark, "**EXOTIC MEAT MARKET**" as "Key Word" on search engines to sell their products and services.

85. Defendants did not place Plaintiff's Trademark "**EXOTIC MEAT MARKET**" as "Negative Key Word" with search engines.

86. Defendants unauthorized use of the term "**EXOTIC MEAT MARKET**" in International Class 035 to sell their products and services has caused and is likely to cause confusion, mistake or deception as to the origin of Defendant's goods and services and to mislead consumers into believing that Defendant's products originated from, are affiliated with, or are sponsored, authorized or approved by Plaintiff.

87. Defendant's activities infringe Plaintiff's Trademark Rights in Violation of §32 (1) of Lanham Act, 15 U.S.C. § 1114 (1).

88. Defendants are thus liable under 15 U.S.C. § 1114 (1) (a) for infringement of Plaintiff's registered Trademarks. [Exhibit 1]

89. Because Defendant's actions in using Plaintiff's registered marks as keyword triggers was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(a) (3) in an amount up to three times the actual damages.

90. **Plaintiff elects statutory damage under 15 U.S.C. § 1117(d) in an amount of $ 100,000 for each infringing domain. (smgfoods.com)**

91. Defendants aforesaid acts of infringement have caused Plaintiff sustain monetary damage, loss and injury, to an extent not yet ascertained.

## SECOND CAUSE OF ACTION
### ["Passing Off" Under the Lanham Act -15 U.S.C. § 1125 (a)]
### (Against All Defendants except BROADLEAF)

92. Plaintiff alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

93. Defendants are thus liable under 15 U.S.C. § 1125(a) for unfair competition by its uses of Plaintiff's registered Trademarks. [Exhibit 1]

94. Defendants aforesaid acts of infringement have caused Plaintiff sustain monetary damage, loss and injury, to an extent not yet ascertained.

## THIRD CAUSE OF ACTION
### [Trademark Dilution – 15 U.S.C. § 1125 I]
### (Against All Defendants except BROADLEAF)

95. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

96. Plaintiff's "EXOTIC MEAT MARKET" is famous mark under the common law and under the factors described for protection against dilution in 15 U.S.C. § 1125I(2)(A) and transcend the **specific classes of goods and services for which Plaintiff has registered** its "EXOTIC MEAT MARKET" mark. [Exhibit 1 and 2]

97. Defendant's use of plaintiff's "EXOTIC MEAT MARKET" marks are likely to cause dilution by blurring of Plaintiff's famous "EXOTIC MEAT MARKET" mark under 15 U.S.C.§ 1125I(2)(B). [Exhibit 1]

98. Pursuant to 15 U.S.C. § 1125I (1) and (5). Plaintiff is entitled to an injunction against Defendant's use in the future of Plaintiff's registered "EXOTIC MEAT MARKET" mark, or any colorable imitation or confusingly similar variation of plaintiffs "EXOTIC MEAT MARKET" marks, as keyword triggers for any advertisement for the sale of any product other than genuine Plaintiff's products. [Exhibit 1 and 2]

99. Plaintiff is also entitled to an injunction prohibiting any other use that dilutes plaintiff's "EXOTIC MEAT MARKET" marks such as in or as the title for any advertisement for the sale of any product other than genuine Plaintiff's products.

100. In addition, because, on information and belief, Defendants first placed bids for Plaintiff's "EXOTIC HOT DOG OF THE MONTH CLUB" Trademark in commerce on or after December 30, 2013 and because Defendants, willfully intended to trade on the recognition of plaintiff's famous "EXOTIC MEAT MARKET" mark pursuant to 15 U.S.C. § 1125(5) (A) and (B) (i), Plaintiff is also entitled to the remedies set forth in 15 U.S.C. § 1117(a).

101. In addition, because, on information and belief, Defendants first placed bids for Plaintiff's "EXOTIC MEAT MARKET" Trademark in commerce on or after December 30, 2014 and because Defendants, willfully intended to trade on the recognition of plaintiff's famous "EXOTIC MEAT MARKET" mark pursuant to 15 U.S.C. § 1125(5) (A) and (B)

102. Plaintiff is also entitled to the remedies set forth in 15 U.S.C. § 1117(a).

103. Under 15 U.S.C. § 1117(a), Plaintiff is entitled to recover Defendant's profits and the costs of the action.

104. Because Defendant's actions in using Plaintiff's registered marks as keyword triggers was intentional and in bad faith, the court should enter an award of enhanced damages

under 15 U.S.C. § 1117(a) (3) in an amount up to three times the actual damages. [All Exhibits]

105. This case is an exceptional case under 15 U.S.C. § 1117 (a) (3) and Plaintiff should be awarded its reasonable attorney fees.

## FORTH CAUSE OF ACTION

### [Cybersquatting in violation of the Lanham Act § 43(d), 15 U.S.C. § 1125 (d)]

### (Against All Defendants)

106. Because Defendant's actions in using Plaintiff's registered marks as keyword triggers was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(a) (3) in an amount up to three times the actual damages. [All Exhibits]

107. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

108. Plaintiff is the registered owner of the "EXOTIC MEAT MARKET" and "EXOTIC HOT DOG OF THE MONTH CLUB" marks. [Exhibit 1 and 2]

109. Plaintiff exclusively uses its "EXOTIC MEAT MARKET" and "EXOTIC HOT DOG OF THE MONTH CLUB" marks for his products and services. [Exhibit 1 and 2]

110. Defendants are bidding on plaintiffs exact or virtually the same marks; plaintiff's marks have acquired substantial distinctiveness since their first use in commerce. [Exhibit 1 and 2]

111. Plaintiff exclusively uses its "EXOTIC MEAT MARKET" and "EXOTIC HOT DOG OF THE MONTH CLUB" marks on his products and services. [Exhibit 1 and 2]

112. Defendants intended to create an association with Plaintiff's marks in order to divert business to them. [Exhibit 1 and 2]

113. There is no actual association between Defendants and Plaintiff.

114. Defendants has been bidding on Plaintiff's registered Trademarks "EXOTIC MEAT MARKET" and "EXOTIC HOT DOG OF THE MONTH CLUB" as "KEY WORD" is intentional and in bad faith to divert the customers looking for Plaintiff's products and services to their own websites to sell their own products and services.

115. As a direct result of Defendants' actions, Plaintiff has suffered substantial damage, in amount to be proven at trial.

116. Since Defendants' acts have caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendant's are restrained and enjoined from continuing to engage in such wrongful conduct.

## FIFTH CAUSE OF ACTION

### [Unjust Enrichment]

### (Against All Defendants)

117. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

118. By reasons of the foregoing facts, Defendants and each of them, have become unjustly enriched at the expense of Plaintiff by profiting from the use of Plaintiff's Trademark and by realizing monetary gain from their unauthorized use of said mark.

119. Defendants and each of them have become unjustly enriched in an amount that cannot be precisely ascertained at this time, but will be ascertained according to proof at trial.

## SIXTH CAUSE OF ACTION

### [Demand for Accounting]

### (Against All Defendants)

120. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

121. As seen above, Plaintiff has an interest in all of the money that is generated from the exploitation of Plaintiff's Trademarks.

122. Plaintiff is informed and believes that Defendants have generated an undetermined, yet substantial amount of money, due to commercial exploitation of Plaintiff's Trademarks.

123. The amount of money due from Defendants is unknown to Plaintiff and cannot be ascertained without an accounting of all the Defendant's financial records related to the sales generated through their infringing activities.

124. As a result of Defendant's actions, or lack thereof, Plaintiff has been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiff hereby requests that the Court order an accounting of all of Defendant's financial records

related to the infringing activities in order to determine the sums rightfully due to Plaintiff. Furthermore, Plaintiff demands that those sums be paid to it.

## SEVENTH CAUSE OF ACTION

### [Constructive Trust]

### (Against All Defendants)

125. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

126. Plaintiff is informed and believes that Defendants have generated an undetermined, yet substantial amount of money, due to commercial exploitation of Plaintiff's Trademarks.

127. As seen above, Plaintiff is entitled to all of the money that is generated from the infringing activities. Plaintiff has not given its consent for Defendants to utilize its Trademarks. Such monies should be placed in a constructive trust until such time as this matter is resolved.

## EIGHTH CAUSE OF ACTION

### [Permanent Injunction]

### (Against All Defendants)

128. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

129. Plaintiff further contends that Defendants' activities have and will continue to infringe and or dilute its famous and distinctive trademark.

130. At this time Defendants continue to engage in the aforementioned infringing activity.

131. These actions on behalf of Defendants are wrongful and should be enjoined in that they have caused, and continue to cause, Plaintiff great and irreparable injury.

132. Plaintiff has no other plain, speedy and adequate remedy at law, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows.

## ON THE FIRST CAUSE OF ACTION

1. That the court adjudges and decrees that all the Defendants have willfully infringed Plaintiff's exclusive rights under trademark law.

2. That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringing Plaintiff's Trademarks. [Exhibit 1]

3. That the Defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling Plaintiff's Trademarks. [Exhibit 1]

4. That Plaintiff is awarded actual damages in an amount proven at trial or minimum of $ 2 Million.

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SECOND CAUSE OF ACTION

1. That the court adjudges and decree that all the Defendants have willfully infringed in passing off their products as Plaintiff's and infringed Plaintiff's exclusive rights under trademark law;

2. That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of passing off their goods and services as Plaintiff's;

3. That the Defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling Plaintiff's Trademark. [Exhibit 1]

4. That Plaintiff be awarded, actual damages in an amount proven at trial or minimum of $ 2 Million;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE THIRD CAUSE OF ACTION

1. That the court adjudges and decree that all the Defendants have willfully diluted Plaintiff's Trademark. [Exhibit 1]

2. That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of diluting Plaintiff's Trademarks. [Exhibit 1]

10. That the Defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling Plaintiff's Trademarks. [Exhibit 1]

3. That Plaintiff be awarded, actual damages in an amount proven at trial or minimum of $ 2 Million;

4. That Defendants disgorge all profits derived from their wrongful conduct;

5. Interest at the maximum legal rate;

6. All reasonable attorney's fees and costs incurred herein;

7. For treble damages according to proof at trial;

8. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE FORTH CAUSE OF ACTION

1. That the court adjudges and decree that all the Defendants have willfully placed bids on search engines for Plaintiff's trademarks with bad faith intent to profit there from;

2. That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of placing bids on 'key words' which are identical with, confusingly similar to and/or dilutive of Plaintiff's Trademark. [Exhibit 1]

3. That the Defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling Plaintiff's Trademarks. [Exhibit 1]

4. That Plaintiff be awarded, actual damages in an amount proven at trial or minimum of $ 2 Million;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE FIFTH CAUSE OF ACTION

1. That Plaintiff be awarded any and all monies gained by Defendants through Defendant's exploitation of Plaintiff's Trademarks;

2. That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringing of Plaintiff's Trademarks;

3. That the Defendants, and those acting in concert with them, be permanently enjoined from selling any goods or services carrying any designation resembling of Plaintiff's Trademarks;

4. That the Defendants, and those acting in concert with them, be ordered to account for and recall any and all other infringing material from all marketing tactics, descriptions, search terms, meta-tags, and domain names used to deceive the public, so as to permanently remove them from the stream of commerce;

5. That Plaintiff be awarded, actual damages in an amount proven at trial or minimum of $ 2 Million;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For exemplary or punitive damages in an amount appropriate to punish or make an example of Defendants, according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SIXTH CAUSE OF ACTION

1. That the court orders an independent accountant to conduct an accounting of all Defendant's financial records relating to the sales obtained through the exploitation of Plaintiff's Trademarks in order to determine the sums of money owed to Plaintiff;

2. Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;

3. That Plaintiff be awarded, actual damages in an amount proven at trial or minimum of $ 2 Million;

4. Interest at the maximum legal rate;

5. All reasonable attorney's fees and costs incurred herein;

6. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SEVENTH CAUSE OF ACTION

1. That the court imposes an actual or constructive trust upon Defendants in favor of Plaintiff with respect to all income received by their infringing activities;

2. An award of restitution in an amount greater or equal to Defendants' unjust enrichment order an independent accountant to conduct an accounting of all Defendant's financial records relating to the sales obtained through the exploitation of Plaintiff's Trademarks in order to determine the sums of money owed to Plaintiff;

3. Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;

4. Interest at the maximum legal rate;

5. All reasonable attorney's fees and costs incurred herein;

6. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE EIGHTH CAUSE OF ACTION

1. That the court issues a permanent injunction enjoining Defendants from engaging in the infringing activities described herein.

2. All reasonable attorney's fees and costs incurred herein;

3. That Plaintiff be awarded, actual damages in an amount proven at trial or minimum of $ 2 Million;

4. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

Anshu Bharat Pathak,
Plaintiff
In Pro Per
September 29, 2016

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

Anshu Bharat Pathak; Plaintiff
In Pro Per
September 29, 2016

# EXHIBIT 1

## United States of America

### United States Patent and Trademark Office

## EXOTIC MEAT MARKET

**Reg. No. 4,469,007**
**Registered Jan. 21, 2014**
**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PATHAK ANSHU BHARAT (UNITED STATES INDIVIDUAL)
P O BOX 9192
MORENO VALLEY, CA 92552

FOR: ON-LINE RETAIL GIFT SHOPS; ON-LINE RETAIL STORE SERVICES FEATURING EXOTIC MEATS, HOTDOGS, SAUSAGES, SALAMIS; ON-LINE WHOLESALE STORE SERVICES FEATURING EXOTIC MEATS, HOTDOGS, SAUSAGES, SALAMIS; OPERATING AN ON-LINE SHOPPING SITE IN THE FIELD OF EXOTIC MEATS, HOTDOGS, SAUSAGES, SALAMIS; RETAIL AND ON-LINE GROCERY STORE SERVICES FEATURING HOME DELIVERY SERVICE, IN CLASS 35 (U.S. CLS 100, 101 AND 102).

FIRST USE 12-10-1999; IN COMMERCE 12-10-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEAT MARKET", APART FROM THE MARK AS SHOWN.

SEC. 2(F) AS TO "EXOTIC MEAT MARKET".

SER. NO. 85-813,308, FILED 1-2-2013.

INGA ERVIN, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

# EXHIBIT 2

## United States of America
### United States Patent and Trademark Office

# Exotic Hot Dog of the
# Month Club

**Reg. No. 4,453,666**

**Registered Dec. 24, 2013**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

PATHAK ANSHU BHARAT (UNITED STATES INDIVIDUAL)
25517
LOS CABOS DRIVE
MORENO VALLEY, CA 92551

FOR: COMPUTERIZED ON-LINE RETAIL STORE SERVICES IN THE FIELD OF MONTHLY EXOTIC HOT DOGS SHIPMENTS TO CLUB MEMBERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CLUB", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-813,863, FILED 1-2-2013.

INGA ERVIN, EXAMINING ATTORNEY



Commissioner for Trademarks of the
United States Patent and Trademark Office

# EXHIBIT 3



— Anshu Pathak runs an exotic meat and food distributing company based in Perris

**Exotic Meats - Wild Game Meats - Las Vegas, NV, USA - DEALS TODAY**
www.buyexoticmeats.com/exmewlgamela.html ▾
Exotic Meats - Wild Game Meats - Las Vegas, NV, USA DEALS TODAY.

**Rabbit n Rattlesnake Ssg - A Sausage with a Bite**
Ad www.smgfoods.com/ ▾   (800) 310-2360
$16.95/Pkg  of 4 @ 4 oz Sausages

**Tender Alligator Meat - Find Quality Farm Alligator Meat Here**
Ad www.cajungrocer.com/AlligatorMeat ▾
4.7 ★★★★☆ rating for cajungrocer.com
Visit Us To Order Online Now!
Over 2,000 Cajun products · Try our Premium Crawfish · 4,000 Bizrate Reviews
Alligator Boudin · Drage's Grilled Oysters · Turduckens · Gulf Shrimp

**Exotic Meat For Sale**
Ad www.looksmart.com/Exotic+Meat+For+Sale ▾
Find Exotic Meat For Sale! Get More Results on the Look Smart

Searches related to exotic meat market

| | |
|---|---|
| exotic meat market reviews | anshu pathak |
| exotic meats | exotic meat market near me |
| exotic meat lion | exotic meat market coupon |
| exotic meat market corona | exotic meat market promo code |

Goooooooooogle ›

---

**Page 3 of about 223,000 results (0.50 seconds)**

**Exotic Meat Market**
Ad www.groupon.com/ ▾
3.5 ★★★☆☆ rating for groupon.com
Exotic Meat Market from $14. Save 50% Off Today With Groupon
Discover 380K+ Deals · Find Deals Near You
Spas & Massages · Exclusive Travel Deals · Fun Things to Do · 70% Off Restaurant Deals

**Rabbit n Rattlesnake Ssg - A Sausage with a Bite - smgfoods.com**
Ad www.smgfoods.com/ ▾   (800) 310-2360
$16.95/Pkg  of 4 @ 4 oz Sausages

**Exotic Meat Market « CBS Los Angeles**
losangeles.cbslocal.com/tag/exotic-meat-market/   KCBS-TV ▾
Riverside-Area Merchant Says Lion Steak Sales Roaring An Inland Empire merchant says he has no
plans to eliminate the import and sale of lion steaks, ...

**Roseville Meat Company - Modern Old Fashioned Meat Market**
rosevillemeats.com/ ▾
Extensive line of beef, pork, chicken, lamb, veal, marinated products, and exotic meats such as
buffalo and venison. Local, family owned. Roseville Meat Co

**Buy Exotic Meats**
www.buyexoticmeats.com/ ▾
Online shopping for purchase of Exotic Meats from a great selection of Alligator (Gator) Meat, Antelope
Meat, Bison Meat, Buffalo (Tahoka) Meat, Crocodile Meat, ...
You visited this page on 9/21/16.