**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANSHU PATHAK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SPECIALTY MEATS AND GOURMET, LLC, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:16-cv-02124-GMN-NJK <br><br> REPORT AND <br> RECOMMENDATION |

Pending before the Court is Plaintiff's motion for entry of clerk's default against Defendant Specialty Meats and Gourmet, LLC ("Specialty Meats"). Docket No. 15. Plaintiff filed this action on September 8, 2016. Docket No. 1. Plaintiff served Specialty Meats on September 29, 2016. Docket No. 13. Specialty Meats did not timely serve a responsive pleading, instead filing a "letter" on the docket after the deadline expired. *See* Docket No. 16; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff moves for an entry of clerk's default because of Defendant's failure to answer the complaint. *See* Docket No. 15 at 1-2.[1]

---

[1] Plaintiff's motion for entry of clerk's default was filed after the deadline had expired, but before Specialty Meats filed its "letter." *See* Docket. The Court has ordered Defendant to file a properly formatted answer, but Defendant has not complied. *See id.*

I.  **DISCUSSION**

Rule 55[2] sets forth a two-step process for obtaining a default judgment. *See United States v. Pivaroff*, No. 226 2:13-CV-1498 JCM (PAL) (D. Nev. July 1, 2016); *see also* Fed. R. Civ. P. 55; *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2683 (4th ed. 2009 & Supp. 2016). First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that entry is shown under affidavit or otherwise, the clerk must enter the party's default." Second, if the clerk enters default, a party may seek entry of a default judgment from either the clerk or the Court, depending upon the circumstances. *See* Fed. R. Civ. P. 55(b)(1)-(b)(2)

In this case, Plaintiff submits that he is entitled to an entry of clerk's default because he timely served Specialty Meats, which failed to respond. *See* Docket No. 15 at 1. Plaintiff's motion for entry of clerk's default was referred to the undersigned to determine whether Plaintiff's proof of service (Docket No. 13) was proper. Plaintiff's proof of service contains the information that the Local Rules require, and is in a form that the Local Rules allow. *See* LR 5-1 (must include day and manner of service, and name of person served, and may be by certification of person who made service); *see also* Docket No. 13. Because service was proper and because Plaintiff has shown that Defendant has failed to defend this action, entry of clerk's default is thus proper. *See* Docket No. 15; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i), 55(a).

Accordingly, the undersigned **RECOMMENDS** that the clerk be directed to enter the requested default as to Specialty Meats.

IT IS SO ORDERED.

DATED: November 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Unless otherwise stated, all references to "rules" denote the Federal Rules of Civil Procedure.