UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANSHU PATHAK,

                Plaintiff(s),

vs.

SPECIALTY MEATS AND GOURMET LLC,

                Defendant(s).

Case No. 2:16-cv-02124-GMN-NJK

ORDER

(Docket No. 21)

        Pending before the Court is Plaintiff's motion for entry of default judgment against Defendant Specialty Meats and Gourmet LLC. Docket No. 21. On January 9, 2017, a Clerk's entry of default was entered as to Defendant. Docket No. 20. Once default has been entered, a plaintiff may apply to the Court for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Whether to enter default judgment is at the sole discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

        As a preliminary matter, default judgment is void if a court lacks personal jurisdiction over the defendant. *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985). The Court has a duty to examine its jurisdiction over the subject matter and the parties when default judgment is sought for failure to plead or otherwise defend. *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1998). The Court may therefore raise the issue of personal jurisdiction *sua sponte*. *Id.*

The Court is not persuaded, based on the facts before it, that it has personal jurisdiction over Defendant. *See* Docket No. 1. *See also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (consent to personal jurisdiction requires circumstances or conduct evincing "an intention to benefit from and thus an intention to submit to the laws of the forum State"); *Evanston Ins. Co. v. W. Cmty. Ins. Co.*, 13 F. Supp. 3d 1064, 1068-69 (D. Nev. 2014) (discussing personal jurisdiction standards at length). Plaintiff must first demonstrate that the Court has personal jurisdiction over Defendant, in order for the Court to grant a motion for default judgment. *See Tuli*, 172 F.3d at 712-13.

Even if Plaintiff is able to demonstrate that the Court has personal jurisdiction over Defendant, however, a defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See Aldabe*, 616 F.2d at 1092. Rather, a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Plaintiff's pending motion fails to address the *Eitel* factors, much less demonstrate that they have been met. *See* Docket No. 21.

A plaintiff seeking default judgment also has the burden of providing sufficient proof of his damages. *See NewGen, LLC v. Safe Cig,* 840 F.3d 606, 617 (9th Cir. 2016) (finding that district court's calculation of damages was proper where it relied upon extensive evidence provided by the plaintiff); *Geddes*, 559 F.2d at 560; *Holiday Sys. Int'l of Nev. v. Vivarelli, Schwarz & Assocs.*, No. 2:10-cv-00471-MMD-GWF, 2014 WL 204340, at *2 (D. Nev. Jan. 17, 2014 (finding damages

requested appropriate based on evidence presented); *AT&T Corp. v. Innocom Telecom LLC*, No. C-06-05400 EDL, 2007 WL 163193, at *2 (N.D. Cal. Jan. 17, 2007) ("Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on damages, as long as it ensures that there is an evidentiary basis for the damages awarded in the default judgment").  Plaintiff's pending motion seeks over 2 million dollars in damages, but provides no more than conclusory assertions to support an award in that amount. *See* Docket No. 21.  Similarly, Plaintiff fails to identify the nature of the damages sought or the precise injury that Plaintiff asserts was incurred as a result of Defendant's alleged conduct. *See id*.

Accordingly, Plaintiff's motion for entry of default judgment against Defendant Specialty Meats and Gourmet LLC, Docket No. 21, is hereby **DENIED** without prejudice.  Any renewed motion for entry of default judgment shall address whether the Court has personal jurisdiction over Defendant, address the *Eitel* factors, include appropriate evidentiary support for the damages sought, and clearly identify the nature of the damages sought and the injury incurred.

IT IS SO ORDERED.

Dated: February 2, 2017

NANCY J. KOPPE
United States Magistrate Judge

3