UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANSHU PATHAK, | |
| Plaintiff(s), | Case No. 2:16-cv-02124-GMN-NJK |
| vs. | REPORT AND RECOMMENDATION |
| SPECIALTY MEATS AND GOURMET LLC, | (Docket No. 24) |
| Defendant(s). | |

Pending before the Court is Plaintiff's renewed motion for default judgment. Docket No. 24. On October 21, 2016, Plaintiff filed a motion for entry of Clerk's default. Docket No. 15. On January 6, 2017, the Court instructed the Clerk's Office to enter default against Defendant Specialty Meats and Gourmet LLC ("Defendant"). Docket No. 19. On January 12, 2017, after the Clerk entered default, Plaintiff filed a motion for entry of default judgment. Docket No. 21. The Court denied Plaintiff's motion and instructed Plaintiff that "[a]ny renewed motion for entry of default judgment shall address whether the Court has personal jurisdiction over Defendant, address the *Eitel* factors, include appropriate evidentiary support for the damages sought, and clearly identify the nature of the damages sought and the injury incurred." Docket No. 22 (internal citation omitted). In order to assist Plaintiff, the Court also provided how these requirements could be met. *Id.* at 2-3. Plaintiff's instant renewed motion for entry of default judgment fails to address any of the deficiencies identified by the Court in his initial motion.

As a threshold issue, Plaintiff fails to demonstrate that the Court has personal jurisdiction over Defendant. Plaintiff submits that the Court has personal jurisdiction over Defendant because: (1)

Defendant offers its products nationwide; (2) Plaintiff ordered products from Defendant's website for shipment to Las Vegas; and (3) Defendant sells products from the Sierra Meat Company, which is allegedly a corporation based in Nevada.[1]  Docket No. 24 at 2.

For the Court to exercise jurisdiction over a nonresident defendant, the defendant must have minimum contacts with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  There are two types of jurisdiction, general jurisdiction and specific jurisdiction.  When a plaintiff seeks to have a court exercise specific jurisdiction over a defendant, as Plaintiff does in the instant case, the Ninth Circuit has outlined a three-prong test:[2]

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802).

Plaintiff claims Defendant has engaged in trademark infringement by refusing to disassociate itself with certain key words used on various search engines, specifically "exotic meat market" and "exotic hot dog of the month club," to which Plaintiff owns the trademarks. Docket No. 1 at 1-2, 116-118.  Plaintiff's trademark infringement claims do not arise out of the facts that (1) Defendant offers its products nationwide, (2) Plaintiff ordered products from Defendant's website for shipment to Las Vegas,

---

[1] Plaintiff provides a screen-shot of a page from Defendant's website depicting a product from the Sierra Meat Company, but does not provide any further proof that the Sierra Meat Company is a corporation based in Nevada.  Docket No. 24 at 14-15.

[2] When a defendant's substantial contacts with the forum are so continuous and systematic that the defendant is essentially at home in the forum, a court may exercise "general jurisdiction" over a defendant for any and all claims against it. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2015); *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).  This is an "exacting standard" that is not met easily.  *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  Plaintiff does not contend that the Court has general jurisdiction over Defendant, nor does the Court find any basis for general jurisdiction.

or (3) Defendant sells products from the Sierra Meat Company, an alleged Nevada corporation. Therefore, Plaintiff fails to demonstrate that this Court has personal jurisdiction over Defendant.

The Court does not analyze whether Plaintiff meets the remaining two requirements to establish personal jurisdiction because all three requirements must be met for the Court to exercise personal jurisdiction over Defendant.[3]  Moreover, because Plaintiff fails to demonstrate that this Court has personal jurisdiction over Defendant, the Court does not discuss whether Plaintiff's renewed motion satisfies the seven factors from *Eitel v. McCool*, nor whether he sufficiently proves his damages.[4]  *See* 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Accordingly, the undersigned hereby **RECOMMENDS** that Plaintiff's renewed motion for default judgment be **DENIED** and that the claims against Defendant be **DISMISSED**.  Docket No. 24.

IT IS SO ORDERED.

DATED: January 10, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The Ninth Circuit recently held that, in cases alleging intellectual property infringement, to demonstrate that a defendant has "purposefully availed" itself in accordance with the first requirement in *Picot*, a plaintiff must demonstrate not only that a defendant knew its conduct would impact the forum state, but also that the defendant's "suit-related conduct...create[s]...a substantial connection with the forum State." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (clarifying the standard to determine whether a defendant has 'expressly aimed' its conduct at a forum state); *see also* 780 F.3d at 1211.

[4] Plaintiff fails to address, much less demonstrate, that the *Eitel* factors have been met, despite the Court's explicit order and accompanying instructions.  Docket No. 24; *see also* Docket No. 22. Additionally, Plaintiff reiterates his request for 2 million dollars in statutory damages verbatim from his complaint without providing any evidence supporting this amount or that any damages he suffered were a result of Defendant's alleged conduct.  Docket No. 24 at 4-5; *see also Holiday Sys. Int'l of Nev. v. Vivarelli, Schwarz & Assoc.*, No. 2:10-cv-00471-MMD-GWF, 2014 WL 204340, at *2 (D. Nev. Jan. 17, 2014).

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).